**Johnny Dewayne OUTLAND, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–115–CR.**

Court of Appeals of Texas,
Fort Worth.

June 12, 1991.

Discretionary Review Refused
Sept. 11, 1991.

Sullivant, Sullivant, Meurer, Shaw & Zielinski, and Edmund J. Zielinski, for appellant.

Phil L. Adams, Dist. Atty., for appellee.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

HILL, Justice.

Johnny Dewayne Outland appeals his conviction by a jury of the offense of aggravated robbery. Upon his plea of true to enhancement allegations, the jury assessed Outland's punishment at ninety-nine years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. Outland urges in three points of error that the trial court erred by: (1) failing to grant his motion for continuance to procure an exculpatory witness's testimony; (2) admitting the pistol purported to have been used in the robbery into evidence without a proper predicate to establish the chain of custody; and (3) refusing to submit requested instructions as to lesser-included offenses.

We affirm because: (1) Outland did not preserve error as to his contention that the trial court erred by failing to grant his motion for continuance; (2) Outland did not preserve error as to chain of custody with respect to the introduction of the pistol into evidence; (3) the pistol was identified as that found in the getaway vehicle at the time of Outland's arrest and was therefore admissible without a showing of chain of custody; (4) criminal conspiracy is not a lesser-included offense of aggravated robbery; and (5) there is no evidence that if Outland is guilty at all he is guilty only of the offense of robbery or of theft.

Outland, another man, and two women entered a Gainesville jewelry store and examined merchandise. After the other man left the store, Outland and the two women, with the aid of a pistol that Outland exhibited, robbed the store owner. After they left the store the clerk activated a silent alarm, alerting police. A Gainesville police officer observed the getaway car and arrested all four individuals after a chase all the way to Sherman, despite several roadblock attempts. Grayson County Deputy Sheriff Gary Robison recovered a pistol from the vehicle.

Outland contends in point of error number one that the trial court erred by failing to grant his motion for continuance to procure the testimony of Nolan Woods, whose testimony he claims would be exculpatory. The only means of preserving error in the overruling of a motion for continuance due to an absent witness is a motion for new trial. *Taylor v. State*, 612 S.W.2d 566, 569 (Tex.Crim.App. [Panel Op.] 1981). Outland's motion for new trial did not raise the issue of the trial court's denial of his motion for continuance; therefore, Outland failed to preserve error with respect to the denial of his motion for continuance. We overrule point of error number one.

Outland urges in point of error number two that the court erred by admitting into evidence the pistol that was recovered from the getaway vehicle because the State failed to establish a chain of custody. Outland's only objection to the pistol was "Improper, we would object to the improper predicate and failure to show—." A general objection that an improper predicate was not laid is insufficient to preserve error. *Paige v. State*, 573 S.W.2d 16, 19 (Tex.Crim.App. [Panel Op.] 1978). We also note that because an officer identified the exhibit as that retrieved from the getaway vehicle, chain of custody need not be shown. *See Anderson v. State*, 504 S.W.2d 507, 510 (Tex.Crim.App.1974). We overrule point of error number two.

Outland argues in point of error number three that the trial court erred by failing to charge the jury as to the offenses of criminal conspiracy, theft, and robbery. We utilize a two-prong test in determining whether a jury must be charged on a lesser-included offense. First, the lesser-included offense must be included within the proof necessary to establish the charged

offense. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser-included offense. *Creel v. State,* 754 S.W.2d 205, 210 (Tex.Crim.App.1988). The offense of criminal conspiracy is not included within the proof necessary to establish the offense of aggravated robbery because it contains the additional element of an agreement with others to commit the offense. Compare section 15.02 Texas Penal Code with section 29.03 of the Code. Further, there is no evidence to show that if Outland is guilty at all he is guilty only of the offense of theft or robbery. We overrule point of error number three.

The judgment is affirmed.