barrera v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-261-CR

JOSE FRANCISCO BARRERA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jose Francisco Barrera appeals from his conviction of aggravated sexual assault of a child.  In three issues on appeal, Appellant complains that 1) the trial court erred in overruling his motion for continuance on the ground that a potentially exculpatory witness could not be located, 2) the trial court allowed hearsay testimony over his objection, and 3) there was insufficient evidence to convict him.  We affirm.

Factual and Procedural Background

Appellant was charged with sexually assaulting his six-year-old sister-in-law, J.A.  The sexual assault allegedly occurred while Appellant and his wife babysat for J.A.  J.A. told her mother, A.A., that Appellant had touched her vaginal area.  A.A. testified at trial as the outcry witness.  J.A. was taken to Cook Children’s Medical Center where she underwent a sexual-assault exam.  She tested positive for rectal and vaginal chlamydia.  Appellant was tested for chlamydia and his results also came back positive.

Appellant contends that Tomas Cano, J.A.’s uncle, committed the sexual assault.  An arrest warrant was subsequently issued for Cano, but his whereabouts were unknown at the time of trial.  Appellant filed a motion for continuance seeking to delay the trial until he could locate Cano, which was denied by the trial court.  Appellant reurged his motion before jury selection began, and the trial judge denied it.  The case proceeded to trial and the jury returned a verdict of guilty.  The court assessed punishment at forty years’ imprisonment.

Motion for Continuance

In his first issue, Appellant argues that the trial court erred in overruling his motion for continuance on the ground that an exculpatory witness could not be located.  Following the Texas Court of Criminal Appeals, our court has held that the proper method for preserving error in the overruling of a motion for continuance due to an absent witness is a motion for new trial
.  Taylor v. State
, 612 S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1987); 
Outland v. State
, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref’d).  Error, however, may also be preserved if there is “some showing under oath” that the missing witness would testify as alleged in the motion for continuance.  
Taylor
, 612 S.W.2d at 570.  Thus, the record must either contain an affidavit from the missing witness or a showing under oath from some other source that the witness would have actually testified to the facts alleged in the motion.
  Minx v. State
, 615 S.W.2d 748, 750 (Tex. Crim. App. [Panel Op.] 1981);
 Hartson v. State
, 59 S.W.3d 780, 784 (Tex. App.—Texarkana 2001, no pet.).

In this case, Appellant filed a motion for new trial but did not raise the issue of the trial court’s denial of his motion for continuance.  In addition, Appellant’s motion was not accompanied by an affidavit, and no other evidence was proffered to substantiate his allegations as to the expected content of Cano’s testimony; therefore, Appellant failed to preserve error with respect to the denial of his motion for continuance.  We overrule Appellant’s first issue.

Hearsay

In his second issue, Appellant challenges the trial court’s action in allowing Araceli Desmarais, a sexual assault examiner, to testify to statements made by J.A. during a physical exam.  Appellant objected to the admission of  these statements on the ground that they were hearsay.  However, the trial judge allowed the statements into evidence as statements made for the purpose of medical diagnosis and treatment.  
See
 
Tex. R. Evid
. 803(4).

Rule 803(4) admits as an exception to the hearsay rule:

[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Id
.  The crucial issue under the rule is whether the out-of-court statement was reasonably pertinent to diagnosis or treatment.  Federal courts have held that a statement made by a victim of child abuse identifying the alleged perpetrator is pertinent to both physical and psychological diagnosis and treatment.  
Morgan v. Foretich
, 846 F.2d 941, 949-50 (4th Cir. 1988);
 United States v. Renville
, 779 F.2d 430, 439 (8th Cir. 1985).  In Texas, it has also been held that statements by a victim of child abuse as to the causation and source of the child’s injuries are admissible under Rule 803(4).  
Tex. R. Evid.
 803(4).
  Ziegler v. Tarrant County Child Welfare Unit
, 680 S.W.2d 674, 679-80 (Tex. App.—Fort Worth 1984, writ ref’d n.r.e.).  Appellant concedes that existing case law is contrary to his position but asserts that such case law is wrong.  We disagree with Appellant and hold that current case law is controlling.  Desmarais’ testimony falls within the hearsay exception.  
See
 
Tex. R. Evid
. 803(4).  Appellant’s second issue is overruled.

Legal Sufficiency

In his third issue, Appellant complains that there was legally insufficient evidence to support his conviction and the trial court erred by denying his motion for instructed verdict.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

Here, Appellant argues that the evidence was legally insufficient to establish that he committed aggravated sexual assault against his six-year-old sister-in-law.  We disagree.  J.A. testified to the jury about what Appellant did to her.  This testimony alone is legally sufficient to support Appellant’s conviction.  
See, e.g., Empty v. State
, 972 S.W.2d 194, 196 (Tex. App.—Dallas 1998, pet. ref’d) (noting testimony of child victim alone is sufficient to support conviction for sexual assault); 
Ruiz v. State
, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet. ref’d) (same); 
Karnes v. State
, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.) (same).

Furthermore, Desmarais testified that when J.A. was examined at the hospital, she told her that only Appellant had abused her.  Additionally, she testified that the tests taken from J.A. came back positive for chlamydia; a condition that is rare in a prepubescent child.  When police obtained a search warrant to test Appellant for sexually transmitted diseases, his test were also positive for chlamydia.

Applying the appropriate standard, we find that a rational jury could find Appellant guilty beyond a reasonable doubt.  The jury was entitled to believe the victim’s testimony and reject Appellant’s theory of the incident.
  Bonham v. State
, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984) (the jury is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony), 
cert. denied
, 474 U.S. 865 (1985); 
Dumas v. State
, 812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref’d) (the jury is free to accept or reject all or any part of a witness’ testimony).  We overrule Appellant’s third issue. 

Conclusion

Having overruled all three of Appellant’s issues on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 28, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.