COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-261-CR
  
  
JOSE 
FRANCISCO BARRERA                                                  APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jose Francisco Barrera appeals from his conviction of aggravated sexual assault 
of a child.  In three issues on appeal, Appellant complains that 1) the 
trial court erred in overruling his motion for continuance on the ground that a 
potentially exculpatory witness could not be located, 2) the trial court allowed 
hearsay testimony over his objection, and 3) there was insufficient evidence to 
convict him.  We affirm.
Factual and 
Procedural Background
        Appellant 
was charged with sexually assaulting his six-year-old sister-in-law, J.A.  
The sexual assault allegedly occurred while Appellant and his wife babysat for 
J.A.  J.A. told her mother, A.A., that Appellant had touched her vaginal 
area.  A.A. testified at trial as the outcry witness.  J.A. was taken 
to Cook Children’s Medical Center where she underwent a sexual-assault 
exam.  She tested positive for rectal and vaginal chlamydia.  
Appellant was tested for chlamydia and his results also came back positive.
        Appellant 
contends that Tomas Cano, J.A.’s uncle, committed the sexual assault.  An 
arrest warrant was subsequently issued for Cano, but his whereabouts were 
unknown at the time of trial.  Appellant filed a motion for continuance 
seeking to delay the trial until he could locate Cano, which was denied by the 
trial court.  Appellant reurged his motion before jury selection began, and 
the trial judge denied it.  The case proceeded to trial and the jury 
returned a verdict of guilty.  The court assessed punishment at forty 
years’ imprisonment.
Motion for 
Continuance
        In 
his first issue, Appellant argues that the trial court erred in overruling his 
motion for continuance on the ground that an exculpatory witness could not be 
located.  Following the Texas Court of Criminal Appeals, our court has held 
that the proper method for preserving error in the overruling of a motion for 
continuance due to an absent witness is a motion for new trial.  Taylor 
v. State, 612 S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1987); Outland 
v. State, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref’d).  
Error, however, may also be preserved if there is “some showing under oath” 
that the missing witness would testify as alleged in the motion for 
continuance.  Taylor, 612 S.W.2d at 570.  Thus, the record must 
either contain an affidavit from the missing witness or a showing under oath 
from some other source that the witness would have actually testified to the 
facts alleged in the motion.  Minx v. State, 615 S.W.2d 748, 750 
(Tex. Crim. App. [Panel Op.] 1981); Hartson v. State, 59 S.W.3d 780, 784 
(Tex. App.—Texarkana 2001, no pet.).
        In 
this case, Appellant filed a motion for new trial but did not raise the issue of 
the trial court’s denial of his motion for continuance.  In addition, 
Appellant’s motion was not accompanied by an affidavit, and no other evidence 
was proffered to substantiate his allegations as to the expected content of 
Cano’s testimony; therefore, Appellant failed to preserve error with respect 
to the denial of his motion for continuance.  We overrule Appellant’s 
first issue.
Hearsay
        In 
his second issue, Appellant challenges the trial court’s action in allowing 
Araceli Desmarais, a sexual assault examiner, to testify to statements made by 
J.A. during a physical exam.  Appellant objected to the admission of these 
statements on the ground that they were hearsay.  However, the trial judge 
allowed the statements into evidence as statements made for the purpose of 
medical diagnosis and treatment.  See Tex. R. Evid. 803(4).
        Rule 
803(4) admits as an exception to the hearsay rule:
 
[s]tatements made for purposes of medical diagnosis or treatment and describing 
medical history, or past or present symptoms, pain, or sensations, or the 
inception or general character of the cause or external source thereof insofar 
as reasonably pertinent to diagnosis or treatment.
 
 Id.  
The crucial issue under the rule is whether the out-of-court statement was 
reasonably pertinent to diagnosis or treatment.  Federal courts have held 
that a statement made by a victim of child abuse identifying the alleged 
perpetrator is pertinent to both physical and psychological diagnosis and 
treatment.  Morgan v. Foretich, 846 F.2d 941, 949-50 (4th Cir. 
1988); United States v. Renville, 779 F.2d 430, 439 (8th Cir. 
1985).  In Texas, it has also been held that statements by a victim of 
child abuse as to the causation and source of the child’s injuries are 
admissible under Rule 803(4).  Tex. 
R. Evid. 803(4).  Ziegler v. Tarrant County Child Welfare Unit, 
680 S.W.2d 674, 679-80 (Tex. App.—Fort Worth 1984, writ ref’d n.r.e.).  
Appellant concedes that existing case law is contrary to his position but 
asserts that such case law is wrong.  We disagree with Appellant and hold 
that current case law is controlling. Desmarais’ testimony falls within the 
hearsay exception.  See Tex. 
R. Evid. 803(4).  Appellant’s second issue is overruled.
Legal 
Sufficiency
        In 
his third issue, Appellant complains that there was legally insufficient 
evidence to support his conviction and the trial court erred by denying his 
motion for instructed verdict.  In reviewing the legal sufficiency of the 
evidence to support a conviction, we view all the evidence in the light most 
favorable to the verdict in order to determine whether any rational trier of 
fact could have found the essential elements of the crime beyond a reasonable 
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  
This standard gives full play to the responsibility of the trier of fact to 
resolve conflicts in the testimony, to weigh the evidence, and to draw 
reasonable inferences from basic facts to ultimate facts.  Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency 
review, we may not sit as a thirteenth juror, re-evaluating the weight and 
credibility of the evidence and, thus, substituting our judgment for that of the 
fact finder.  Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1131 (2000).
        Here, 
Appellant argues that the evidence was legally insufficient to establish that he 
committed aggravated sexual assault against his six-year-old 
sister-in-law.  We disagree. J.A. testified to the jury about what 
Appellant did to her.  This testimony alone is legally sufficient to 
support Appellant’s conviction.  See, e.g., Empty v. State, 972 
S.W.2d 194, 196 (Tex. App.—Dallas 1998, pet. ref’d) (noting testimony of 
child victim alone is sufficient to support conviction for sexual assault); Ruiz 
v. State, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet. ref’d) 
(same); Karnes v. State, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no 
pet.) (same).
        Furthermore, 
Desmarais testified that when J.A. was examined at the hospital, she told her 
that only Appellant had abused her.  Additionally, she testified that the 
tests taken from J.A. came back positive for chlamydia; a condition that is rare 
in a prepubescent child.  When police obtained a search warrant to test 
Appellant for sexually transmitted diseases, his test were also positive for 
chlamydia.
        Applying 
the appropriate standard, we find that a rational jury could find Appellant 
guilty beyond a reasonable doubt.  The jury was entitled to believe the 
victim’s testimony and reject Appellant’s theory of the incident. Bonham 
v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984) (the jury is the 
exclusive judge of the credibility of the witnesses and the weight to be given 
to their testimony), cert. denied, 474 U.S. 865 (1985); Dumas v. State, 
812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref’d) (the jury is free to 
accept or reject all or any part of a witness’ testimony).  We overrule 
Appellant’s third issue.
Conclusion
        Having 
overruled all three of Appellant’s issues on appeal, we affirm the trial 
court’s judgment.
    
  
                                                                  PER 
CURIAM
  
  
  
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
October 28, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.