

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00349-CR

| | | |
|---|---|---|
| Emmitt Starling | § | From Criminal District Court No. 3 |
| | § | of Tarrant County (1225297D) |
| v. | § | March 7, 2013 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00349-CR

EMMITT STARLING                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Emmitt Starling appeals his conviction for unlawful possession of a firearm.[2]  In two points, Starling argues that the trial court erroneously allowed the State to introduce in evidence two parts of a damaged shotgun and that the evidence is insufficient to support his conviction.  We will affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code § 46.04(a) (West 2011).

## II. BACKGROUND

Marissa Martinez was sleeping on December 29, 2010, at roughly 11:30 p.m. when the sound of gunfire woke her. According to Martinez, when she went to investigate by looking out her bedroom window, she saw Starling—an ex-lover whose advances she had rejected earlier that evening—outside, hitting her car with a long firearm. Martinez witnessed Starling break the gun's stock against her car. The broken stock then kept falling off the firearm as Starling continued to try to put it back together. Martinez asserts that Starling appeared to be intoxicated and was drinking from a Hennessy bottle. Martinez called 9-1-1. At some time during the event, Starling then made his way to Martinez's apartment and pointed the gun toward her face. Shortly after her 9-1-1 call, police arrived and took Starling into custody. Ultimately, the State charged Starling with unlawful possession of a firearm by a felon.

At trial, Martinez identified two pieces of evidence, State's Exhibits 16B and 16C. State's Exhibit 16B was the remaining majority of a .410 gauge shotgun with duct tape on its trigger, and State's Exhibit 16C was the butt of a shotgun. Martinez identified the gun pieces as being the firearm that Starling brandished and beat against her car on the evening in question. Martinez identified the gun as being broken in the exact same manner as she had witnessed, she identified the duct tape on the gun's trigger, and she averred that there was no doubt in her mind that it was the same gun Starling had that night.

2

Fort Worth Police Officer Cody Vistine, who responded to the "shots fired" 9-1-1 call, testified that when he arrived at Martinez's apartment, other officers had already taken Starling into custody. By Vistine's account, Starling was apprehended less than 150 feet from Martinez's apartment. Vistine averred that Starling appeared intoxicated.

Fort Worth Police Officer Brent Mills testified that he also saw Starling being arrested when he arrived at Martinez's apartment. Mills stated that because he was responding to a dispatch regarding a firearm, he immediately searched the area for one. Mills said that he found pieces of a firearm in some bushes at the base of the staircase of Martinez's apartment where other officers had apprehended Starling. Additionally, Mills found a bottle of Hennessy and the firearm's broken stock in the same area. Mills also identified State's Exhibits 16B and 16C as the same firearm pieces he found.

Fort Worth Police Officer Jose Palomares also testified. According to Palomares, State's Exhibit 16A was a box containing the pieces of the firearm that were later admitted as State's Exhibits 16B and 16C. Consistent with other testimony, Palomares said the items were found in the bushes near Martinez's apartment. He testified that he had secured and boxed the items at the scene. Palomares averred that the pieces introduced at trial were in the same condition in which he found them the night of Starling's arrest. Palomares identified the firearm as a .410 gauge shotgun, and he also identified an expended .410 gauge shell casing found at the scene. Fort Worth Police Detective A. L. Martino

3

testified that State's Exhibit 16B was a functioning firearm, capable of firing, even though the stock was broken.

A jury found Starling guilty and assessed punishment at thirty-five years' confinement. The trial court entered judgment accordingly and this appeal followed.

## III. DISCUSSION

### A. State's Exhibits 16B and 16C

In his first point, Starling argues that the trial court erred by allowing the State to introduce in evidence State's Exhibits 16B and 16C. Specifically, Starling argues that the State failed to "lay a proper foundation by showing chain of custody" for these items. We disagree that the trial court abused its discretion by admitting the evidence.

An abuse of discretion standard is used when reviewing a trial court's decision to admit evidence. *Smith v. State*, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984). A trial court does not abuse its discretion by admitting evidence when it believes that a reasonable juror could find that the evidence has been authenticated or identified. *Peña v. State*, 864 S.W.2d 147, 152 (Tex. App.—Waco 1993, no pet.); *Coleman v. State*, 833 S.W.2d 286, 289 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

Texas Rule of Evidence 901 requires the authentication or identification of evidence to establish that the matter in question is what the proponent claims it to be. Tex. R. Evid. 901. In providing the proof necessary to comply with Rule

4

901, the proponent of the item of evidence must present differing types of evidence depending on the nature of the item. Articles that are easily identifiable and are substantially unchanged normally do not require the introduction of a chain of custody. *See Outland v. State*, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref'd) (pistol seized from defendant's automobile and identified by officer together with no evidence of tampering was sufficient even though pistol not tagged when seized). If the item has distinct or unique characteristics, a witness may authenticate it by testifying that he or she has previously seen the item at the relevant time and place and that the witness recognizes it by its distinctive characteristics. *See Mendoza v. State*, 69 S.W.3d 628, 631 (Tex. App.—Corpus Christi 2002, pet. ref'd).

Here, both challenged pieces of evidence introduced by the State possessed a unique and distinct characteristic. As Martinez testified, she had seen the pieces of the shotgun "[t]he night [Starling] came to my house." By Martinez's account, she viewed the gun numerous times, including when Starling brandished it outside her window, when he beat it against her car, when he attempted to repair it after having broken it into pieces, and when he held it toward her face inside her apartment. Martinez identified the shotgun pieces by the unique characteristic that they were the exact broken pieces of the shotgun Starling had caused by beating it against her car and stated that the shotgun's handle still possessed the distinctive duct tape on its trigger. Given its unique and distinctive qualities, Martinez testified that she had no doubt the proffered

5

pieces of evidence were pieces of the gun that Starling brandished the night he was arrested. *See Mendoza*, 69 S.W.3d at 631.

Furthermore, multiple officers identified the pieces of the shotgun as being the same ones found at the scene of Starling's arrest. And the officer who collected, secured, and packaged the pieces of the gun the night of the arrest testified that the pieces were in the same condition in which he found and secured them. *See id.* We hold that the trial court did not abuse its discretion by admitting the shotgun and the gun's butt in evidence. *See Gardner v. State*, 306 S.W.3d 274, 293 (Tex. Crim. App. 2009) (holding that despite absence of chain-of-custody testimony, a red robe was sufficiently authenticated in murder prosecution as the robe victim was wearing when paramedics arrived to treat her gunshot wound to the head, where paramedic testified that she recognized robe from the distinctive jagged marks she made around the front zipper with her trauma shears, as well as from the blood stains near the neck area). We overrule Starling's first point.

## B. Sufficiency of Evidence that Starling Possessed a Firearm

In his second point, Starling argues that the evidence is insufficient to prove that he possessed a firearm. We disagree. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond

6

a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

To prove unlawful possession of a firearm by a felon, the State is required to prove that the person (1) possessed a firearm (2) "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." Tex. Penal Code Ann. § 46.04(a)(1). Starling only contests whether sufficient evidence existed that he possessed the firearm introduced in evidence at trial.

The penal code defines possession as "actual care, custody, control, or management." *Id.* § 1.07(a)(39) (West Supp. 2012). A person commits a possession offense only if he voluntarily possesses the prohibited item. *Id.* § 6.01(a) (West 2011). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* § 6.01(b).

Moreover, even if the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, the State can still prove possession by offering additional, independent facts and circumstances that link the defendant to the firearm. *Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.); *see Villarreal v. State*, Nos. 02-07-00329-CR, 02-07-00330-CR, 2009 WL 671042, at *1 (Tex. App.—Fort Worth

7

Mar. 12, 2009, pet. ref'd) (mem. op., not designated for publication) ("The . . . links doctrine also applies to the possession of firearms.").

In this case, Martinez testified to having seen Starling brandish the gun and smash it on her car. She also described the gun in detail and identified it at trial. This evidence was sufficient that when viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found the essential element of possession beyond a reasonable doubt. *See Tapps v. State*, 257 S.W.3d 438, 448 (Tex. App.—Austin 2008) (op. on reh'g), aff'd, 294 S.W.3d 175 (Tex. Crim. App. 2009) (holding eye-witnesses' testimony purporting to have seen defendant with firearm sufficient to prove possession); *see also Hutchings v. State*, 333 S.W.3d 917, 920–22 (Tex. App.—Texarkana 2011, pet. ref'd) (holding that evidence was sufficient to show that defendant possessed a firearm when witnesses identified defendant, said they saw him with a gun, and described the gun). Furthermore, circumstantial evidence also linked Starling to the shotgun. Multiple police officers testified to having found the shotgun matching Martinez's description near the bottom of a stairwell where Starling was apprehended. There was also testimony linking together the shotgun and a specific brand of alcohol found near the shotgun with Starling. *See Hughes v. State*, No. 01-09-00744-CR, 2011 WL 494775, at *2 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, pet. ref'd) (mem. op., not designated for publication) (holding that sufficient evidence supported defendant's conviction for unlawful possession of a firearm by a felon where defendant's girlfriend alerted police

8

after defendant threatened her with a gun and an immediate search of the area where defendant was taken into custody revealed two guns that met the description given by defendant's girlfriend). Viewing all the evidence in the light most favorable to the verdict, we conclude and hold that a rational trier of fact could have found the essential element of possession beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule Starling's second point.

## IV. CONCLUSION

Having overruled both of Starling's points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 7, 2013

9