**Opinion issued October 4, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-17-00540-CR**
**NO. 01-17-00541-CR**

————————————

**SEMERE BERHE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 299th District Court**
**Travis County, Texas**
**Trial Court Case Nos. D-1-DC-15-302752 & D-1-DC-15-302753**

---

**MEMORANDUM OPINION**

In trial court cause number D-1-DC-15-302752,[1] the jury found appellant guilty of aggravated kidnapping.[2] In trial court cause number D-1-DC-15-302753,[3] the jury found appellant not guilty of aggravated robbery, but found him guilty of robbery.[4] Appellant elected punishment by the trial court. After it affirmatively found that appellant released the victim in a safe place on the aggravated kidnapping offense and that appellant pleaded true to an enhancement paragraph, the trial court assessed appellant's punishment at 25 years in prison in each case, to run concurrently.[5]

In his sole point of error in both appellate cause numbers, appellant argues that the trial court abused its discretion by admitting appellant's cell phone without proper authentication. During the pendency of this appeal, the State filed a motion for judgment nunc pro tunc, requesting that we correct an error in the judgment. We

---

[1] Appellate cause number 01-17-00540-CR.

[2] TEX. PENAL CODE ANN. § 20.04 (West 2011).

[3] Appellate cause number 01-17-00541-CR.

[4] TEX. PENAL CODE ANN. § 29.02 (West 2011).

[5] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer."). We are unaware of any conflict between the precedent of the Court of Appeals for the Third District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

will modify the trial court's judgment of conviction and affirm the judgment as modified.

## Background

On December 29, 2015, at approximately 11:20 p.m., R. Cook returned home after work. As Cook walked from the parking lot to his apartment, two men confronted him. Cook testified that one man approached him, held a gun to his stomach, and demanded his wallet and phone. Unsatisfied that Cook had only $2.00 in his wallet, the two men forced Cook to drive his car to several locations in search of an ATM. After Cook withdrew $500 from a drive-through ATM and gave the money to the men, they then forced Cook to drive to the parking lot of a grocery store and informed Cook that they were going to let him go. Before releasing Cook, one of the men used a cell phone to take photos of Cook's driver's license and license plate. Cook testified that one man told him that if he reported them to the police, he would "send his people" after him. After the men left, Cook reported the events to the police.

Police officers with the Austin Police Department ("APD"), identified appellant as a suspect and obtained a warrant for his arrest. Members of the Lone Star Fugitive Task Force (the "Task Force"), an organization comprised of APD and other local and federal law enforcement, arrested appellant at a hotel on December

3

31, 2015. In the course of the arrest, the Task Force obtained appellant's wallet, sunglasses, and cell phone. The Task Force then transported appellant and his property to police headquarters.

At headquarters, APD Detective J. Pelt interviewed appellant. Pelt confirmed that appellant had a wallet, sunglasses, and cell phone on him when the Task Force arrested him. During the interview, appellant confirmed his phone number with Pelt and appellant was given an opportunity to access his cell phone. After the interview, Pelt gave appellant's property, including the cell phone, to APD Detective N. Sexton to submit as evidence.

At trial, appellant's counsel objected to the admission of appellant's cell phone. Specifically, counsel asserted that the State had not adequately established the beginning of the chain of custody. The State responded that Pelt's prior testimony was sufficient to authenticate the phone. Any gaps in the chain of custody, the State argued, would go to the weight, and not the admissibility, of the evidence.

The trial court overruled appellant's objection and admitted the cell phone. Upon the conclusion of the trial, the jury found appellant guilty of aggravated kidnapping and robbery. Appellant timely appealed.

**Authentication of Evidence**

In his sole point of error, appellant argues that the trial court erred when it admitted appellant's cell phone without the first link in the chain of custody.

4

*Standard of Review and Applicable Law*

We review a decision to admit evidence on an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012) (op. on reh'g); *Porter v. State*, 969 S.W.2d 60, 64 (Tex. App.—Austin 1998, pet. ref'd); *McGregor v. State*, 394 S.W.3d 90, 117 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). We will affirm the trial court's decision if it was "at least within the zone of reasonable disagreement." *Tienda*, 358 S.W.3d at 638 (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)).

A trial court has great discretion to admit or deny evidence. *Druery v. State*, 225 S.W.3d 491, 503 (Tex. Crim. App. 2007). A trial court should admit evidence only if the evidence is properly authenticated. *See id.* at 502. The authentication requirement is satisfied "by evidence sufficient to support a finding that the matter in question is what the proponent claims." *Id.* (quoting TEX. R. EVID. 901(a)). Many different forms of evidence may satisfy the authentication requirement. *See Tienda*, 358 S.W.3d at 638; TEX. R. EVID. 901(b). For example, the requirement may be satisfied by the testimony of a witness with knowledge of the piece of evidence. *Gardner v. State*, 306 S.W.3d 274, 293 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 901(b)(1)); *Stanley v. State*, 606 S.W.2d 918, 919 (Tex. Crim. App. 1980) (stating

5

that complainant's testimony that shotgun offered by State looked like gun used during robbery justified its admission in evidence); *Outland v. State*, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref'd) (stating that because officer identified gun as that retrieved from getaway vehicle, chain of custody need not be shown).

If the party seeking admission cannot identify the evidence "through distinctive markings . . . or if the evidence is fungible, as are drugs or tests results," proof of chain of custody is required. *Davis v. State*, 992 S.W.2d 8, 10–11 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Hammett v. State*, 578 S.W.2d 699, 708 (Tex. Crim. App. 1979)). The chain-of-custody requirement generally applies to indistinguishable objects. *See Frasier v. State*, No. 03-09-00354-CR, 2010 WL 3058256, at *2 (Tex. App.—Austin Aug. 5, 2010, no pet.) (mem. op.) (bag of methamphetamine); *Clemens v. State*, No. 03-05-00156-CR, 2008 WL 2065986, at *5–6 (Tex. App.—Austin May 15, 2008, no pet.) (mem. op.) (samples of gasoline); *Foley v. State*, No. 01-11-00113-CR, 2012 WL 1564685, at *4 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. ref'd) (mem. op.) (sample of heroin). Ultimately, the trial court must decide whether there is evidence to support a "reasonable jury determination that the [proffered] evidence is authentic." *Tienda*, 358 S.W.3d at 638; *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.);

*Jones v. State*, 466 S.W.3d 252, 262 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

*Analysis*

Appellant argues that the chain of custody was inadequate because the State failed to prove the beginning of the chain of custody. Specifically, appellant argues that Detective Pelt testified at trial that the chain of custody began with Detective Sexton and because Sexton did not testify at trial, the State did not prove the beginning of the chain of custody. Appellant concludes that the State did not properly authenticate the evidence, and the trial court erred when it admitted the cell phone. The State responds that Detective Pelt adequately linked the cell phone to appellant for authentication purposes and that chain of custody was not required to authenticate the cell phone.

The State need only prove chain of custody if it does not otherwise authenticate the evidence, such as by providing a witness who testifies to the evidence's authenticity. *See Davis*, 992 S.W.3d at 10–11. At the time of the phone's admission, the State had presented sufficient evidence to support a "reasonable jury determination" that the phone was authentic. *Tienda*, 358 S.W.3d at 638.

At trial, Pelt testified that the Task Force recovered appellant's phone and delivered it to him at headquarters. Pelt testified that, during the interview, appellant

7

confirmed his phone number and used the phone to access several phone numbers. Additionally, Pelt confirmed that, after the interview, he gave the phone to Sexton and that Sexton deposited the phone in evidence storage. Finally, Pelt testified that the phone in the courtroom was the same phone that was delivered to him by the Task Force. Having handled the phone during the interview and having witnessed appellant use the phone, Pelt had knowledge that the phone was what the State purported it to be.[6] Because the State elicited testimony that was sufficient for the trial court to have determined that the phone was what the State purported it to be, the trial court did not abuse its discretion in admitting the phone. TEX. R. EVID. 901(a).

We overrule appellant's sole point of error.

## Motion for Judgment Nunc Pro Tunc

On May 31, 2018, the State filed a motion for judgment nunc pro tunc, noting that the judgment in cause number D-1-DC-15-302752, appellate cause number 01-17-00540-CR, erroneously states that appellant was convicted of a first degree felony. The State points out that, because appellant was convicted of aggravated kidnapping and that the trial court found during punishment that appellant released

---

[6] Subsequently, Pelt obtained a search warrant for appellant's cell phone. After obtaining the warrant, Pelt requested that APD's digital forensics unit process the phone. Detective W. Pursley of the APD digital forensic unit found pictures of Cook's driver's license and license plates on appellant's phone, thus corroborating Cook's testimony.

8

the victim in a safe place, the judgment should reflect that appellant was convicted of a second-degree felony. *See* TEX. PENAL CODE ANN. § 20.04(d) (West 2011). Appellant has not responded to the State's motion.

While it is the trial court that has the authority to enter a nunc pro tunc judgment pursuant to Rule 23.1 of the Texas Rules of Appellate Procedure, we have the authority to correct a trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 23.1, 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Figueroa v. State*, 250 S.W.3d 490, 518 (Tex. App.—Austin 2008, pet. ref'd). After reviewing the record and judgment, we agree with the State that the trial court determined that appellant released the victim in a safe place, and therefore the judgment should reflect that appellant was convicted of a second degree felony. *See* TEX. PENAL CODE ANN. § 20.04(d).

Accordingly, in trial court cause number D-1-DC-15-302752, we modify the judgment to reflect that appellant was convicted of a second degree felony.

## Conclusion

We modify the trial court's judgment in trial court cause number D-1-DC-15-302752 and affirm as modified.  We affirm the trial court's judgment in trial court cause number D-1-DC-15-302753.


Sherry Radack
Chief Justice


Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Do not publish.  *See* TEX. R. APP. P. 47.2(b).