Niketti THOMAS, Appellant,

v.

STATE of Texas, Appellee.

No. 01–99–00486–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 18, 2001.

---

Steve Scott Morris, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for the State.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

## OPINION

MIRABAL, Justice.

A jury found appellant, Niketti Thomas, guilty of unlawful possession of a firearm by a felon and assessed punishment at confinement for six years.[1] On appeal, appellant attacks the sufficiency of the evidence. We affirm.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. See TEX.PENAL CODE ANN. § 46.04(a)(1) (Vernon 1994).

## FACTS

Harris County Deputy Constable R. Harris stopped a car occupied by appellant and two others; appellant was the only person sitting in the backseat. After arresting the driver and front-seat passenger, Harris County Deputy Constable I. Arnold conducted an inventory of the car and found a .25 caliber gun wedged between the cushions of the backseat. Appellant was then arrested.

## DISCUSSION

In two points of error, appellant asserts the evidence is legally and factually insufficient to support his conviction because the State failed to prove the weapon in question was a firearm. We apply the usual standards of review. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (legal sufficiency); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996) (factual sufficiency).

A firearm is "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." TEX.PENAL CODE ANN. § 46.01(3) (Vernon Supp.2000). The jury in this case was so instructed.

Deputy Harris testified that Deputy Arnold found a .25 caliber gun in the car's backseat.[2] The gun did not have grips or a trigger mechanism, but it was loaded with four bullets in the magazine. At the jail, appellant told Harris the gun did not work, it did not have a trigger, and appellant would "beat this case in court." Harris was shown the gun and described it for the jury: "It's a . . . .25 caliber, I believe it was. Yes. And it's got a model here, MP25."

Deputy Arnold testified she found a pistol in the backseat. During the search,

2. It is not disputed that the weapon is a .25 caliber gun.

she ran her hand through the backseat and immediately felt the butt of a weapon, and knew it was a gun. The gun was wrapped in a white cloth. Arnold pulled out the gun, removed the wrapping, and turned the gun over to Harris for a safety check. According to Arnold, had someone pulled this gun on her, she would have used deadly force in return. She did not notice at the time that the gun was missing a trigger.

Appellant did not testify or call witnesses to testify on his behalf. On appeal, appellant argues the weapon was "nonfunctioning," and there was no evidence it could "fire or be readily fixed and made to fire"; therefore, the item was not a "firearm."

■ Contrary to appellant's position, the language of section 46.01(3) of the Texas Penal Code does not require a firearm to be presently capable of firing; rather, a device "designed, made, or adapted" to perform in the manner described is a firearm. Even if the clip and firing pin are missing at the time of the offense, a pistol is still a firearm under Section 46.01(3). *Walker v. State,* 543 S.W.2d 634, 637 (Tex.Crim.App. 1976); *see also Lewis v. State,* 852 S.W.2d 667, 669 (Tex.App.—Houston [14th Dist.] 1993, no pet.). A handgun, by definition, is a firearm, even if it is not operable. *See Aikens v. State* 790 S.W.2d 66, 67–68 (Tex.App.—Houston [14th Dist.] 1990, no pet.).

■ Both officers described the object as a gun or a pistol; it was loaded with four bullets, and, although it was missing its grips, it still had a butt. The mere fact that it was missing its trigger at the time of the offense did not mean it was not a "firearm." The evidence was legally and factually sufficient to support the conviction.

We overrule points of error one and two.

We affirm the judgment.