

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00117-CR

---

SHANEY DWAYNE BURRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 31599-B, Honorable Tatiana Frausto, Presiding

---

August 26, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Shaney Dwayne Burris, appeals his conviction by jury for the offenses of possession of a Penalty Group One controlled substance in an amount under one gram[1] and possession of a firearm by a felon.[2]  Appellant also appeals the punishment assessed by the trial court of fifteen years' incarceration for the possession of a controlled

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b).

[2] *See* TEX. PENAL CODE ANN. § 46.04(a).

substance conviction and thirty years for the possession of a firearm conviction. We affirm the judgment of the trial court.

## BACKGROUND

Around 10:00 p.m. on July 17, 2021, State Park Police Officer Jake Voigt observed a vehicle driving in front of him cross the fog line. Subsequently, Voigt witnessed the vehicle cross the center line and then again cross the fog line. Voigt also observed that the vehicle fluctuated traveling between forty to fifty miles per hour. Voigt felt that these factors, taken together, might indicate that the driver of the vehicle was impaired. Consequently, Voigt initiated a traffic stop. After identifying Appellant as the driver of the vehicle, Voigt began his investigation of suspected driving while intoxicated. Appellant reported that he had three or four beers earlier in the evening and that there was an open container in the vehicle. Voigt administered three standardized field sobriety tests and all three indicated that Appellant was impaired. Appellant also admitted that there was a shotgun in the vehicle that was "loaded, ready to go . . . ." After obtaining Appellant's consent, Voigt searched the vehicle and found drugs, drug paraphernalia, and a shotgun. Voigt removed three shells from the shotgun. Voigt arrested Appellant for being a felon in possession of a firearm.

Appellant was indicted for the offenses of possession of a Penalty Group One controlled substance in an amount under one gram and possession of a firearm by a felon. The penalties for both offenses were enhanced by Appellant having been previously convicted of two felonies.[3] Before trial, Appellant filed a motion to suppress

---

[3] *See* TEX. PENAL CODE ANN. §§ 12.42, .425.

2

the evidence seized arguing that the stop of Appellant was unlawful. After an evidentiary hearing, the trial court denied the motion. When the State completed its case-in-chief, Appellant moved for directed verdict on the felon in possession of a firearm charge on the basis that the State did not prove that the shotgun recovered from Appellant's vehicle could fire a projectile. The trial court denied the motion. At the close of trial, Appellant requested a jury charge instruction that the jury could not consider any evidence acquired from the traffic stop if the traffic stop was illegal. The trial court denied the requested instruction. The jury found Appellant guilty of both counts alleged in the indictment. Appellant pleaded true to the enhancement allegations and the trial court sentenced him as noted above. The judgments for each count included "Indigency Findings and Orders," which provide that Appellant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs assessed in the judgment.[4] The findings and orders also inform Appellant that he will be required to pay all of the fine and costs upon release from prison and that, if Appellant is unable to pay the fine and costs upon release, Appellant shall appear before the District Clerk and make arrangements to pay the fine and costs at designated intervals. Appellant timely appealed from this judgment.

By his appeal, Appellant presents four issues. By his first issue, Appellant contends that the evidence is insufficient to support his conviction for the offense of felon in possession of a firearm. Appellant's second issue contends that Texas Penal Code

---

[4] The Indigency Findings and Orders form for the Possession of a Controlled Substance conviction has the line marked indicating that Appellant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs "and will not, in the future, have the ability to pay the fine and costs at a later date or at designated intervals and to require the defendant to pay or discharge the fine and costs by an alternate method would impose an undue hardship." This appears to have been the result of the trial court marking the wrong line. However, because Appellant did not challenge this determination, we express no opinion on the effect of these seemingly inconsistent findings.

3

section 46.04 is unconstitutional. By his third issue, Appellant contends that the trial court reversibly erred by denying Appellant's requested jury instruction under article 38.23 of the Texas Code of Criminal Procedure. Appellant's fourth issue contends that the trial court abused its discretion by failing to conduct an on-the-record inquiry into Appellant's ability to pay the fine and costs.

### ISSUE ONE: SUFFICIENCY OF THE EVIDENCE

By his first issue, Appellant contends that the evidence is insufficient to support his conviction for felon in possession of a firearm because the State failed to prove that the shotgun that Appellant possessed could expel a projectile through its barrel. The State responds that it is not necessary for it to prove that a device be operable at the time of the offense to prove that the device is a firearm.

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record,

4

both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

To prove the offense of felon in possession of a firearm as alleged in the indictment, the State was required to show that Appellant (1) had been convicted of a felony, (2) possessed a firearm, and (3) did so within five years of his release from confinement or community supervision. *See* TEX. PENAL CODE ANN. §46.04(a)(1). Initially, we note that Appellant's issue does not challenge his status as a felon, his knowing possession of a shortened pump shotgun, or his possession of the shotgun within five years of his release from his felony sentence. Appellant's challenge to the sufficiency of the evidence is limited to whether the State proved that the shotgun Officer Voigt found in Appellant's vehicle was operable, in that it could expel a projectile through its barrel.[5] Texas courts have consistently held that it is not necessary for a device to be operable at the time of the offense for it to be considered a firearm. *See Walker v. State*, 543 S.W.2d

---

[5] The Penal Code defines a "firearm" as "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." TEX. PENAL CODE ANN. § 46.01(3).

5

634, 637 (Tex. Crim. App. 1976) ("forty-five automatic pistol" found without clip or firing pin was still a "firearm"); *Hutchings v. State*, 333 S.W.3d 917, 922 (Tex. App.—Texarkana 2011, pet. ref'd) ("It is not necessary for the State to prove a firearm is operable."); *Bollinger v. State*, 224 S.W.3d 768, 775 (Tex. App.—Eastland 2007, pet. ref'd) ("The State was not required to prove that any of the firearms were operable."); *Grantham v. State*, 116 S.W.3d 136, 144 (Tex. App.—Tyler 2003, pet. ref'd) ("Contrary to Appellant's argument, the State need not prove the weapons were capable of being fired. The law does not incorporate such a requirement."); *Thomas v. State*, 36 S.W.3d 709, 711 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) ("Contrary to [A]ppellant's position, the language of section 46.01(3) . . . does not require a firearm to be presently capable of firing . . . ."); *Lewis v. State*, 852 S.W.2d 667, 669 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (not necessary for State to prove weapon operational in prosecution for unlawful possession of a firearm). Because the State was not required to prove that the shotgun recovered from Appellant's vehicle was capable of firing, we overrule Appellant's first issue.[6]

## ISSUE TWO: CONSTITUTIONALITY OF PENAL CODE SECTION 46.04

By his second issue, Appellant contends that Texas Penal Code section 46.04 is unconstitutional. The State responds arguing that Appellant waived this issue by raising it for the first time on appeal.

---

[6] We also note that, when Officer Voigt discovered the shotgun, Appellant stated that the shotgun was "loaded, ready to go . . . ." Additionally, Voigt removed three shells from the weapon. While not necessary to prove the offense, this is some indication that the shotgun was operational at the time it was recovered from Appellant's vehicle.

6

A facial challenge to the constitutionality of a statute, as asserted by Appellant here, is forfeited if not raised before the trial court by way of a timely request, objection, or motion. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (en banc); *Mayes v. State*, 536 S.W.3d 102, 108 (Tex. App.—Amarillo 2017, pet. ref'd); *see* TEX. R. APP. P. 33.1(a).

In the present case, Appellant never raised a constitutionality challenge to section 46.04 before the trial court. Consequently, Appellant has not preserved this issue for our review.[7] *See Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *2 (Tex. App.—Amarillo Feb. 9, 2024, pet. filed) (because Appellant did not present his constitutional challenge to the trial court, "the complaint has not been preserved for our review"). We overrule Appellant's second issue.

### ISSUE THREE: JURY INSTRUCTION

By his third issue, Appellant contends that the trial court erred when it refused his request to include an instruction in the jury charge that the jury not consider any evidence obtained in violation of the law. The State responds that the trial court did not err in

---

[7] We are cognizant that Appellant contends that his constitutional challenge to section 46.04 implicates a "*Marin* Category 1 right" and, therefore, may be raised for the first time on appeal. *See generally Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (en banc). Appellant relies on the analysis contained within *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), especially as that authority was construed by *Range v. AG United States*, 69 F.4th 96 (3rd Cir. 2023). However, we note that *Range* does not address whether a constitutional challenge to a statute prohibiting a felon from possessing a firearm may be raised for the first time on appeal, is not binding precedent on this Court, and was vacated and remanded to the Third Circuit for further consideration. *See Garland v. Range*, No. 23-374, 2024 U.S. LEXIS 2917 (July 2, 2024). For these reasons, we continue to hold that Appellant's failure to raise his constitutional challenge to section 46.04 before the trial court failed to preserve this issue for our review.

7

denying the instruction because there is a paucity of affirmative evidence that the traffic stop of Appellant was illegal.

Article 38.23 provides that evidence obtained in violation of law shall not be admitted in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23. To be entitled to a jury instruction under article 38.23, three predicates must be met: (1) the evidence presented to the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (citing *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008)). A jury instruction under article 38.23 is appropriate "only if there is a contested issue of fact about the obtaining of the evidence. . . . There is no issue for the jury when the question is one of law only." *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000) (en banc); *see also Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) ("If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law."). To raise a disputed fact issue warranting an article 38.23 jury instruction, "there must be some affirmative evidence that puts the existence of that fact into question. In this context, a cross-examiner's questions do not create a conflict in the evidence, although the witnesses's [sic] answers . . . might." *Madden*, 242 S.W.3d at 513.

In the present case, Officer Voigt testified that he witnessed Appellant commit at least two separate traffic offenses.[8] Further, Voigt observed Appellant's speed fluctuate

---

[8] *See* TEX. TRANSP. CODE ANN. §§ 545.058(a) (Driving on Improved Shoulder), .060(a) (Driving on Roadway Laned for Traffic). We are aware that crossing the center line is not a traffic violation if it can be

between forty and fifty miles per hour. Voigt testified that, taken together, these factors reasonably suggested that the driver of the vehicle was impaired or experiencing a physical or cognitive issue that required assistance. Appellant did not affirmatively contest any reason Voigt gave that justified the traffic stop. *See id.* at 514 ("There must be some affirmative evidence [that Appellant did not commit a traffic violation] in the record before there is a disputed fact issue."). Because the evidence did not raise a disputed fact issue regarding whether Voigt was acting legally when he stopped Appellant, the trial court did not err in denying Appellant's requested jury instruction. We overrule Appellant's third issue.

### ISSUE FOUR: ON-THE-RECORD INQUIRY INTO ABILITY TO PAY FINE AND COSTS

By his fourth issue, Appellant contends that the trial court abused its discretion by failing to conduct an on-the-record inquiry into Appellant's ability to pay the fine and costs assessed by the judgment and requests that we remand the case to the trial court to conduct such an inquiry. The State responds contending that the trial court explicitly found that Appellant lacked the ability to pay all or part of the assessed fine and costs immediately and, therefore, Appellant's request that the case be remanded to the trial court to hold an on-the-record inquiry would be a waste of time and judicial resources.

Counsel for Appellant acknowledges, in his brief, that this issue and its argument "are identical *in every way* to Issue Four recently submitted in No. 07-23-00388-CR, *Tiffany Nicole Read v. The State of Texas* . . . ." (emphasis in original). As such, we refer

---

done safely and that Voigt testified that Appellant's driving did not constitute an immediate danger to other drivers. Thus, it is possible that Voigt only observed two traffic violations that would authorize the traffic stop of Appellant.

the parties to our analysis of this issue in *Read*. *See Read v. State*, No. 07-23-00388-CR, 2024 Tex. App. LEXIS 5811, at *12–17 (Tex. App.—Amarillo Aug. 14, 2024, no pet. h.). For the reasons stated in *Read*, we overrule Appellant's fourth issue.

**CONCLUSION**

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.