**Opinion filed June 18, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-25-00012-CR

_____

## RODNEY EARL WRIGHT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 82nd District Court**
**Falls County, Texas**
**Trial Court Cause No. 10878**

### M E M O R A N D U M   O P I N I O N[1]

A jury convicted Appellant, Rodney Earl Wright, of the third-degree felony offense of a felon in possession of a firearm. TEX. PENAL CODE ANN. § 46.04(a), (e) (West Supp. 2025). Enhanced by a habitual felony offender finding following

---

[1]Pursuant to Misc. Docket Order No. 24-9105 issued by the Texas Supreme Court on December 20, 2024, this appeal was transferred to us from the Tenth Court of Appeals. Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Tenth Court of Appeals if its precedent conflicts with ours. *See* TEX. R. APP. P. 41.3.

Appellant's pleas of "true," the jury assessed Appellant's punishment at thirty-seven years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* PENAL § 12.42(d). The trial court sentenced him accordingly.

In three issues, Appellant contends that: (1) the trial court erred when it denied his request for a lesser-included offense instruction; (2) the trial court erred when it included recklessness as a culpable mental state in its charge; and (3) the evidence is insufficient to establish that Appellant knowingly possessed the firearm. We affirm.

## I. *Factual Background*

The circumstances of this offense began when Appellant drove onto the highway from The Chicken Place, a local restaurant in Marlin, in front of a patrol unit driven by Deputy Keith Godley of the Falls County Sheriff's Office. Deputy Godley initiated a traffic stop because Appellant's vehicle bore a temporary license plate, which was obscured. Appellant did not immediately pull over, but he eventually stopped in the Marlin Civic Center parking lot. Deputy Godley testified that based on his training and experience this kind of delayed compliance typically indicates that a person is attempting to conceal something before stopping.

When Deputy Godley exited his patrol unit in the Civic Center parking lot, Appellant drove off. Deputy Godley pursued and activated his patrol unit's overhead lights and sirens; during the pursuit, Appellant yelled out the window of his vehicle that he was "just trying to go to [his] mom's house." Appellant eventually pulled over again. Appellant was the sole occupant of the vehicle that he was driving.

Because of Appellant's failure to stop and the presence of the obscured temporary license plate on his vehicle, Deputy Godley and other law enforcement officers who arrived at the scene handcuffed Appellant and performed a pat-down of his person, which revealed a bag of marihuana in Appellant's pocket. Deputy

2

Godley and Trooper Fidel Ejardo Cedillo of the Texas Department of Public Safety then searched Appellant's vehicle and discovered a firearm, hidden inside a box of french fries from The Chicken Place, on the front passenger seat. The fries were still hot. The firearm was loaded with a full magazine, and one bullet was in the chamber when it was discovered.

The indictment alleged that Appellant, as a felon, "intentionally, knowingly, or recklessly" possessed a firearm unlawfully. At the charge conference, Appellant objected to the inclusion of a recklessness definition as a culpable mental state for the charged offense and requested that the trial court delete that definition from the charge. The trial court denied the request. Appellant also requested an instruction on criminal attempt, which he clarified would constitute an instruction on the lesser-included offense of attempted possession of a firearm. *See* PENAL § 15.01. The trial court denied that request as well.

## II. *Analysis*

As relevant to this appeal, Section 46.04 provides:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

> (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.

PENAL § 46.04(a)(1). In this case, it is undisputed that Appellant is a felon within the meaning of Subsection (a).

### A. *The Evidence is Sufficient to Establish that Appellant Knowingly Possessed the Firearm*

In his third issue, Appellant contends that the evidence is insufficient to establish that he knowingly possessed the firearm.

3

We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).

Under the *Jackson* standard, we review all the evidence admitted at trial in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found that the State proved the essential elements of the charged offense beyond a reasonable doubt. *Baltimore v. State*, 689 S.W.3d 331, 341 (Tex. Crim. App. 2024) (citing *Jackson*, 443 U.S. at 319); *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023); *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). The trier of fact must resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (citing *Jackson*, 443 U.S. at 319). Therefore, if the record supports conflicting inferences, we must "presume that the factfinder resolved the conflicts in favor of the prosecution" and we defer to the factfinder's factual determinations. *Garcia*, 667 S.W.3d at 762 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)).

We measure the sufficiency of the evidence by the essential elements of the charged offense as defined by the hypothetically correct charge for the case. *Turley v. State*, 691 S.W.3d 612, 617 (Tex. Crim. App. 2024); *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In doing so, we compare the essential elements of the charged offense to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik*, 953 S.W.2d at 240). The hypothetically

4

correct charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

Here, the essential elements of the charged offense as defined by the hypothetically correct charge as "authorized by the indictment" are limited to the mental states of intentionally and knowingly. And, the record shows that the evidence is sufficient to establish that Appellant knew of the firearm's presence. The firearm was discovered on the front passenger seat of the vehicle that Appellant was driving, hidden inside a box of french fries, which were still hot, from The Chicken Place. If Appellant, as the driver and the sole occupant of the vehicle, knew that the firearm was present on the passenger seat inside the box of fries, he exercised possession over it. Appellant initially delayed stopping as Deputy Godley initiated the traffic stop and then fled after he briefly stopped; Deputy Godley testified that this kind of delayed compliance during a traffic stop typically indicates that a person is attempting to conceal something before stopping. From this evidence, the jury could have logically inferred that Appellant knew of the firearm's presence. *See Garcia*, 667 S.W.3d at 761–62.

We have reviewed the evidence in the light most favorable to the jury's verdict, and we conclude that the record contains sufficient evidence from which a rational trier of fact could have logically inferred and found beyond a reasonable doubt that Appellant knowingly possessed the firearm as charged in the indictment.

Accordingly, we overrule Appellant's third issue.

B. *Attempted Possession Cannot Be a Lesser Included Offense Here*

In his first issue, Appellant contends that the trial court erred when it denied his request for an instruction on the lesser included offense of attempted possession of a firearm by a felon because the evidence does not establish that the firearm found

5

in his vehicle met the statutory definition of a "firearm," and therefore more than a scintilla of evidence supports his request for this instruction. The State concedes that attempted possession of a firearm by a felon is a lesser included offense of the charged offense, but argues that it is not a rational, valid alternative to the charged offense because, under these circumstances, Appellant logically either knew that the firearm was inside the vehicle he was driving or he did not. As such, there is no evidence, the State reasons, that Appellant *attempted* to possess the firearm but failed to do so.

### 1. *Standard of Review*

Whether an instruction on a requested lesser included offense is warranted requires a two-step analysis. *Safian v. State*, 543 S.W.3d 216, 219 (Tex. Crim. App. 2018); *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007)); *Jokel v. State*, 646 S.W.3d 873, 876 (Tex. App.—Eastland 2022, pet. ref'd).

First, we must determine, as a matter of law, whether the offense to be submitted is a lesser included offense of the charged offense. *Safian*, 543 S.W.3d at 219–20; *Rice*, 333 S.W.3d at 144; *Ybarra v. State*, 621 S.W.3d 371, 379 (Tex. App.—Eastland 2021, pet. ref'd). An offense is a lesser included offense if the indictment for the greater-inclusive offense either (1) alleges all the elements of the lesser included offense, or (2) alleges elements and facts from which all the elements of the lesser included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). If the elements of the lesser included offense can be deduced from the facts alleged in the indictment, they need not be pled in the indictment. *Id.* We use the concept of functional equivalence to determine whether the elements of the lesser offense "are functionally the same or less than those required to prove the charged offense." *State v. Meru*, 414 S.W.3d 159, 162 (Tex.

Crim. App. 2013) (quoting *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010)).

Second, before an instruction on a lesser included offense is required, we must determine whether there is *some evidence* in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Safian*, 543 S.W.3d at 219; *Rice*, 333 S.W.3d at 145; *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002); *Jokel*, 646 S.W.3d at 876; *Ybarra*, 621 S.W.3d at 379. This requirement is satisfied if there is "(1) evidence that directly refutes or negates other evidence establishing the greater offense and raises the lesser-included offense or (2) evidence that is susceptible to different interpretations, one of which refutes or negates an element of the greater offense and raises the lesser offense." *Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018) (citing *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex. Crim. App. 1992)). We consider all the evidence admitted at trial; if more than a scintilla of evidence exists in the record to raise the lesser offense and either negate or rebut an element of the greater offense, then the defendant is entitled to a lesser included offense instruction. *Id.*; *see Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). "[T]he evidence must be such that it establishes the lesser included offense as a 'valid rational alternative to the charged offense.'" *Ybarra*, 621 S.W.3d at 379 (quoting *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008)).

2. *Application*

Concerning the first prong, the State concedes, and we agree, that attempted possession of a firearm by a felon is a lesser included offense of the charged offense. The first step in the lesser included offense analysis is to compare the elements of the offense as they are alleged in the indictment with the elements of the potential lesser included offense. *Hall*, 225 S.W.3d at 535–36. The indictment in this case

7

alleged that Appellant intentionally, knowingly, or recklessly possessed a firearm before the fifth anniversary of his release from confinement, supervision, or parole.

An attempt to commit the charged (greater) offense is a lesser included offense of the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(4) (West 2006). The criminal attempt statute provides that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." PENAL § 15.01(a); *see Robinson v. State*, 630 S.W.2d 394, 398–99 (Tex. App.—San Antonio 1982, pet. ref'd) (holding that "specific intent" in Section 15.01 can encompass both intent and knowledge).

The elements of attempted possession of a firearm by a felon are (1) a felon (Appellant), (2) with the specific intent to possess a firearm, (3) did an act that amounted to more than mere preparation, (4) that tended, but failed, to effect his possession of a firearm. *See* PENAL § 15.01(a); *Herrin v. State*, 125 S.W.3d 436, 440 n.5 (Tex. Crim. App. 2002). These elements can be deduced from the facts alleged in the indictment; the only difference between them is the effort but failure to possess the firearm—which is the essence of "attempt." *See* PENAL § 15.01(a); *Watson*, 306 S.W.3d at 273. Consequently, attempted possession of a firearm by a felon is a lesser included offense of the charged offense in this case, as a matter of law. *See* CRIM. PROC. art. 37.09(4); *Watson*, 306 S.W.3d at 273; *Robinson*, 630 S.W.2d at 398–99.

For the second prong, Section 46.01 defines a "[f]irearm" as "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." PENAL § 46.01(3). Appellant argues that the record is "devoid of the firearm's firing capability" because Deputy Godley testified that he did not discharge the gun nor did he inspect it for the presence of a firing pin or determine

whether it was "readily capable of being fired." But, under this definition, it is well-settled that it is not necessary for the device to be operable at the time of the offense for it to be considered a firearm. *See, e.g.*, *Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976) (An automatic pistol that was missing the clip and firing pin at the time of the offense constituted a firearm.); *Thomas v. State*, 36 S.W.3d 709, 711 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (Section 46.01(3) does not require that a firearm be capable of firing at the time of the offense.); *see also Castillo v. State*, No. 11-18-00164-CR, 2020 WL 4038853, at *2 (Tex. App.—Eastland July 16, 2020, pet. ref'd) (mem. op., not designated for publication) (collecting cases). Further, this statutory definition also includes "any device *designed* . . . to expel a projectile through a barrel." PENAL § 46.01(3) (emphasis added). Here, Appellant's focus on the presence of a firing pin or the firearm's current capacity to be discharged ignores this component of the definition and settled case law.

The State's point is also well-taken. On this record, Appellant either knew the firearm was inside the vehicle that he was driving or he did not. The firearm was discovered on the front passenger seat, hidden inside a box of french fries from The Chicken Place. If Appellant, as the driver and sole occupant of the vehicle, knew the firearm was present, he alone exercised possession—that is, care, custody, control, or management—over it.[2] Conversely, if he did not know of its presence, he did not legally possess it. *See Rollerson*, 227 S.W.3d at 727 n.29 (citing *Young*, 752 S.W.2d at 140). However, under neither circumstance could Appellant have only *attempted* to possess the firearm. *See* PENAL §§ 15.01(a); 46.04(a)(1). To make

---

[2]For purposes of this offense, courts generally analyze the term "possession" under the rules that apply to the offense of possession of a controlled substance. *Rollerson v. State*, 227 S.W.3d 718, 727 n.29 (Tex. Crim. App. 2007) (citing *Young v. State*, 752 S.W.2d 137, 140 (Tex. App.—Dallas 1988, pet. ref'd)). In this regard, possession is established by evidence that Appellant exercised actual care, custody, control, or management over the unlawful item. *Id.*

any such attempt would require some knowledge of the firearm's presence which, under these facts, equates to possession itself. *See Rollerson*, 227 S.W.3d at 727 n.29 (citing *Young*, 752 S.W.2d at 140).

We conclude that attempted possession of a firearm cannot be a lesser included offense in this case because there is no evidence that Appellant attempted, but failed, to possess the firearm. *Safian*, 543 S.W.3d at 219; *Rice*, 333 S.W.3d at 145; *Ybarra*, 621 S.W.3d at 379. Therefore, it cannot be a "valid, rational alternative to the charged offense." *Ybarra*, 621 S.W.3d at 379 (quoting *Segundo*, 270 S.W.3d at 91). As such, the trial court was not required to submit—and did not err when it correctly refused to instruct the jury on—the requested lesser included offense of attempted possession of a firearm by a felon. *See id.* at 382.

Accordingly, we overrule Appellant's first issue.

C. *Recklessness is an Available Mental State Under Section 6.02*

In his second issue, Appellant contends that the trial court erred when it included the definition of recklessness as a culpable mental state in its charge. The State argues that the trial court did not err because it correctly applied Section 6.02 of the Penal Code to supply the requisite mental states—intent, knowledge, and recklessness. PENAL § 6.02 (West 2021). We agree with the State.

1. *Standard of Review*

Reviewing complaints of charge error is a two-step process. *Campbell v. State*, 664 S.W.3d 240, 245 (Tex. Crim. App. 2022) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)); *see Arevalo v. State*, 675 S.W.3d 833, 844 (Tex. App.—Eastland 2023, no pet.) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)). First, we must determine whether charge error exists. *Campbell*, 664 S.W.3d at 245; *see Arevalo*, 675 S.W.3d at 844 (citing *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015)). If there is no error, our analysis ends. *Loza v. State*, 659 S.W.3d 491, 497 (Tex. App.—Eastland 2023, no pet.)

(citing *Kirsch*, 357 S.W.3d at 649). However, if error does exist, we must then conduct the appropriate harm analysis to determine whether the error resulted in sufficient harm to warrant reversal. *Campbell*, 664 S.W.3d at 245; *see Phillips v. State*, 463 S.W.3d 59, 64–65 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Arevalo*, 675 S.W.3d at 844.

2. *Application*

Section 6.02 supplies the requisite mental states—intent, knowledge, and recklessness—for Penal statutes that neither provide a requisite mental state nor expressly dispense with the requirement of a mental state. PENAL § 6.02(b), (c). Nevertheless, Appellant argues that recklessness is not an appropriate mental state for the charged offense for two reasons. First, he contends that courts have consistently held that the State must prove that he possessed the firearm "knowingly" or "intentionally" and exercised control over it. *See, e.g.*, *Rollerson*, 227 S.W.3d at 727; *Bollinger v. State*, 224 S.W.3d 768, 773 (Tex. App.—Eastland 2007, pet. ref'd); *Nelson v. State*, No. 10-19-00082-CR, 2020 WL 1182235, at *3 (Tex. App.—Waco Mar. 11, 2020, no pet.) (mem. op., not designated for publication). Second, he cites the definition in Section 6.01 that "possession" is "a voluntary act if the possessor *knowingly* obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." PENAL § 6.01(b) (emphasis added).

But the cases which Appellant cites in support of his first proposition discuss possession in the context of a sufficiency of the evidence analysis.[3] As the court in *Nelson* stated: "To support a conviction for possession of a firearm, the State must prove: (1) that the accused exercised actual care, control, or custody of the firearm;

---

[3]In addition to the three cases cited above, Appellant cites to ten other decisions from several courts of appeals, all of which stand for the same misplaced proposition.

(2) that the accused was conscious of his connection to it; and (3) that he possessed the firearm knowingly and intentionally." *Nelson*, 2020 WL 1182235, at *3 (citing *Bollinger*, 224 S.W.3d at 773). Moreover, none of the cases cited by Appellant address the question that he presents to us: whether the trial court errs when it includes in its charge the definition of recklessness as a culpable mental state for the charged offense of possession of a firearm by a felon.

Importantly, other decisions do. For example, the Twelfth Court of Appeals recently addressed a similar issue and held that the trial court did not err when it instructed the jury that it could find the defendant guilty of this offense if it found he acted recklessly. *Brumit v. State*, No. 12-23-00269-CR, 2024 WL 2197236, at *2–3 (Tex. App.—Tyler May 15, 2024, pet. ref'd) (mem. op., not designated for publication). There, the court held that because Section 46.04(a) does not list a culpable mental state for the commission of the offense, Section 6.02 operated to supply the requisite mental states: intent, knowledge, or recklessness. *Id.* at *3; *see also Rice v. State*, No. 03-07-00446-CR, 2009 WL 790178, at *3 n.5 (Tex. App.—Austin Mar. 26, 2009, no pet.) (mem. op., not designated for publication); *DiCarlo v. State*, No. 03-97-00370-CR, 1998 WL 798592, at *2 (Tex. App.—Austin Nov. 19, 1998, no pet.) (not designated for publication). The court concluded that because the required, culpable mental state is not set out or defined in Section 46.04(a), "recklessness suffices to establish criminal responsibility." *Brumit*, 2024 WL 2197236, at *3 (citing PENAL § 6.02(c)).

The court in *Brumit* also pointed out that the definition of voluntary possession provided in Section 6.01—Appellant's second argument—concerns a defendant's "voluntariness of conduct" and is a separate consideration from that of his mental state because it relates only to the defendant's physical body movements. *Id.* (citing *Roby v. State*, 647 S.W.3d 747, 749 (Tex. App.—San Antonio 2021, no pet.)); *see Febus v. State*, 542 S.W.3d 568, 574 (Tex. Crim. App. 2018).

We agree with the reasoning of our sister court in *Brumit*.[4]  *Brumit*, 2024 WL 2197236, at \*3; *see Hazel v. State*, 534 S.W.2d 698, 700 (Tex. Crim. App. 1976) ("It is true that Section 46.05 [the prior felon-in-possession-of-a-firearm statute] does not by its own terms include the element of a culpable mental state, but under the provisions of [Section] 6.02, these mental states would be inferred.") (internal citations omitted).  Section 6.02 expressly directs, and we conclude, as did the court in *Brumit*, that, in circumstances such as these, "recklessness suffices to establish criminal responsibility."  *Brumit*, 2024 WL 2197236, at \*3 (citing PENAL § 6.02(c)); *see Hazel*, 534 S.W.2d at 700.

We conclude that the trial court did not err when it denied Appellant's request to exclude the definition of recklessness from the charge.  Accordingly, we overrule Appellant's second issue.

### III.  *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


June 18, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[4]In *Brumit*, as here, the indictment alleged that the defendant had possessed a firearm "intentionally, knowingly, or recklessly" and the charge instructed the jury that he could be convicted under either mental state. *Brumit*, 2024 WL 2197236, at \*3.